IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADOLPH HENRY LOVE, JR., # N-70991, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-569-GPM |
| ) | |
| OFFICER STRUBHART, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving an eight-year sentence for burglary. His claims arose during his incarceration at Lawrence. Plaintiff claims that Defendant Strubhart, a Lawrence grievance officer, conspired with several unnamed Lawrence officers to prevent Plaintiff from filing lawsuits by interfering with his grievances (Doc. 1). This caused Plaintiff to suffer emotional distress (Doc. 1, p. 5). He seeks nominal damages and injunctive relief (Doc. 1, pp. 9-11).

Specifically, Plaintiff sues Defendant Strubhart in his individual capacity for improperly handling grievances that Plaintiff filed between January and June 2013 (Doc. 1, pp. 3-5). These grievances include the following: (1) Grievance addressing staff misconduct (filed January 21st); (2) Grievance addressing personal property and staff misconduct (filed January 30th); (3) Grievance addressing staff misconduct (filed January 31st); (4) Grievance addressing medication, personal property, and staff misconduct (filed February 8th); (5) Appeal challenging adverse decision regarding Department Rule 504 (filed February 10th); (6) Grievance addressing staff's deliberate indifference to Plaintiff's serious medical need (filed February 23rd); (7)

1

Grievance addressing medical personnel's discrimination (filed February 24th); (8) Grievance addressing medical staff's negligence (filed March 6th); and (9) Grievance regarding dietary supervision conduct (filed March 27th).  (Doc. 1, pp. 4-5).  Plaintiff alleges that Defendant Strubhart violated his right to due process by failing to investigate, respond to, and/or return the above-referenced grievances.  Plaintiff also claims Defendant Strubhart conspired with other Lawrence officers to prevent Plaintiff from suing prison officials by thwarting his efforts to first exhaust his administrative remedies.  Plaintiff indicated in his complaint that he has one other lawsuit pending in federal court, which he filed during the period at issue (Doc. 1, p. 12).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

According to 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable retaliation claim (Count 1) against Defendant Strubhart.  Prison officials may not retaliate against inmates for filing grievances or lawsuits.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). "All that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The "bare minimum" in a retaliation claim are the facts that would apprise Defendant of what Plaintiff did to provoke the alleged retaliation and what Defendant did in response.  *Id*.; *see also Walker*, 288 F.3d at 1012.  A complaint that provides a short, clear statement of the relevant facts complies with the federal rules of civil procedure, and thus cannot be dismissed because it does not allege all facts necessary to clearly establish a valid claim.  *Id.*

At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). Whether preventing Plaintiff from filing a lawsuit was a motivating factor in Defendant's decision to ignore Plaintiff's grievances is a question that cannot be resolved at the initial pleadings stage of this case. Further, this Court cannot conclude, at least at this stage, that the underlying grievances undermine the validity of Plaintiff's claim. *See, e.g., Henderson v. Sheahan*, 196 F.3d 839, 846 (7 Cir. 1999); *Thomson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2004). Thus, the Court is unable to dismiss Count 1 at this time.

Plaintiff has not articulated a colorable due process claim against Defendant Strubhart for failing to process Plaintiff's grievances (Count 2). Plaintiff complains that Defendant Strubhart failed to investigate, respond to, or return his grievances addressing a variety of issues (Doc. 1, pp. 3-5). However, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2010); *citing Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). The fact that a counselor, grievance officer, or even a supervisor received a complaint about the actions of another individual does not create liability. In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th

Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Plaintiff has no claim against Defendant Strubhart merely because he did not adequately respond to Plaintiff's grievances and complaints in a timely manner. Accordingly, Count 2 shall be dismissed with prejudice from this action.

Plaintiff has also failed to state a claim based on the denial of his access to the courts (Count 3). When prison officials fail to respond to inmate grievances, administrative remedies become "unavailable" under the Prison Litigation Reform Act. *See Lewis v. Washington*, 300 F.3d 829, 833 (7 Cir. 2002). Prisoners are excused from the requirement that they exhaust all administrative remedies prior to bringing a suit in federal court, if they establish that the remedies are unavailable. Therefore, Plaintiff's access to the courts is not actually impeded when prison officials lose, delay, or ignore his grievances. Count 3 shall also be dismissed with prejudice.

Plaintiff has also failed to state a conspiracy claim against Defendant Strubhart (Count 4). Conspiracy is not an independent basis of liability in § 1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). "There is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996). *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired). As set forth above, Plaintiff has failed to state a due process claim. Even with regard to his retaliation claim, however, Plaintiff has failed to allege that anyone other than Defendant interfered with his grievances. He names no other defendants or unconstitutional acts committed by them.

Further, under the intracorporate conspiracy doctrine, a Section 1985 conspiracy claim "cannot exist solely between members of the same entity." *Payton v. Rush Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 632 (7th Cir. 1999). Plaintiff has alleged that Defendant and his co-conspirators are members of the same entity, the Illinois Department of Corrections ("IDOC"), and that they were all working in the IDOC's interest. Defendant and his alleged co-conspirators cannot be sued under § 1985 conspiracy. *See id.*; *see also Wright v. Ill. Dep't Of Children and Family Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994).

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge **Donald G. Wilkerson** for further consideration.

Plaintiff has filed a motion for service of process at government expense (Doc. 4). The motion is **GRANTED.** Service shall be ordered below for Defendant Strubhart.

Plaintiff's pending motion for Default Judgment (Doc. 10) is **DENIED.**

**Disposition**

**COUNTS 2** and **3** are **DISMISSED** with prejudice from this action for failure to state a claim upon which relief can be granted. **COUNT 4** is **DISMISSED** with prejudice from this action for failure to state a claim upon which relief can be granted.

As to **COUNT 1,** The Clerk of Court shall prepare for Defendant **STRUBHART**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall

take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: August 22, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge